O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**GERARDO RIVAS,**           )   NO. CV 07-06520-MAN
                             )
        **Plaintiff,**         )
                             )   MEMORANDUM OPINION
    v.                     )
                             )   AND ORDER
**MICHAEL J. ASTRUE,**       )
**Commissioner of Social Security,**  )
                             )
        **Defendant.**         )
_____)

      Plaintiff filed a Complaint on October 9, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's applications for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On January 14, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on July 18, 2008, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits; and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On May 9, 1997, plaintiff filed applications for a POD, DIB, and SSI, alleging an inability to work since December 1, 1996, due to mental problems. (Administrative Record ("A.R.") 15, 53, 627.) In June 1997, the Social Security Administration ("SSA") determined that plaintiff was disabled as of December 1, 1996, due to "Organic Mental Disorders (Chronic Brain Syndrome)." (A.R. 53.) Plaintiff has past relevant work experience as a sewing machine operator. (A.R. 19, 137, 722.)

After conducting continuing disability reviews in September 2003, and March 2004, the SSA determined plaintiff had medically improved, and his disability ceased as of September 10, 2003. (A.R. 54, 59-69, 627.) Plaintiff appealed this determination.

On March 31, 2005, and August 10, 2005, plaintiff, who was represented by counsel and assisted by a Spanish language interpreter, appeared and testified at continuing disability review hearings before Administrative Law Judge Zane A. Lang ("ALJ Lang"). (A.R. 27-50.) On November 2, 2005, ALJ Lang issued an unfavorable decision finding, *inter alia*, that plaintiff had medically improved and could return to his past relevant work. (A.R. 15-20.)

On August 28, 2006, pursuant to stipulation of the parties, this Court remanded this matter to the Commissioner to: consider plaintiff's diabetes impairment and limitations caused by diabetic retinopathy and/or neuropathy; determine whether plaintiff has medically improved since the prior comparison-point decision; and if plaintiff has

medically improved, determine whether the medical improvement is related to plaintiff's ability to work. (Joint Stipulation ("Joint Stip.") at 3.)

On May 2, 2007, plaintiff, who again was represented by counsel and assisted by a Spanish language interpreter, appeared and testified at a continuing disability review hearing before Administrative Law Judge Gail Reich ("ALJ"). (A.R. 709-761.) On June 29, 2007, the ALJ denied plaintiff's claims; that decision is now at issue. (A.R. 626-31.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since December 1, 1996. (A.R. 630.) As of September 10, 2003, the cessation of plaintiff's benefits, the ALJ determined that plaintiff had the following "severe" impairments: borderline IQ; partial tear rotator cuff with shoulder pain; degenerative joint disease; and diabetes with blurred vision. (*Id.*) The ALJ further found that plaintiff "proved to be an unreliable witness." (A.R. 628.) The ALJ determined that, based on the medical record and the testimony of the medical and vocational experts, plaintiff could perform his past relevant work as a sewing machine operator. (A.R. 630.) Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue. (A.R. 630-31.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's

decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which

exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following two issues: (1) whether the ALJ properly considered plaintiff's testimony regarding his symptoms and limitations; and (2) whether the ALJ properly determined that plaintiff could perform his past relevant work. (Joint Stip. at 4.) As the second issue presented cannot be properly addressed unless and until the first issue has been resolved, the Court addresses only the first issue below.

**I.   The ALJ Erred In Considering Plaintiff's Subjective Pain Testimony.**

Plaintiff alleges that the ALJ improperly rejected plaintiff's testimony as to his symptoms and limitations. (Joint Stip. at 4.) For the reasons set forth below, the Court agrees.

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonablely likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. §§

5

404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's subjective symptom testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885. Further, "[i]t is not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); *see also* Lester, 81 F.3d at 834 ("the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints"); Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996)("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").

In evaluating subjective symptom testimony, the ALJ must consider "all the evidence presented," including the following factors: 1) the claimant's daily activities; 2) the location, duration, frequency, and intensity of pain and other symptoms; 3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; 4) the type, dosage, effectiveness and side effects of any pain medication; 5) treatment, other than medication, for relief of pain or other symptoms; 6) any other measures used by the claimant to relieve pain or other symptoms; and 7) other factors concerning the claimant's functional restrictions due to such symptoms. *See* 20 C.F.R. §§

404.1529(c)(3), 416.929; *see also* Social Security Ruling 96-7p (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms).

Both in his filings with the Commissioner and in his testimony, plaintiff described various subjective symptoms from which he claims to suffer. In an undated Disability Report - Adult, plaintiff complained that he cannot: sit for extended periods of time, bend, lift boxes, or kneel because of his lower back pain; lift heavy boxes "because of a pain in a test[icle]"; and cannot see clearly because of his diabetes-related vision impairment. (A.R. 114, 153.) In a Reconsideration Disability Report, dated May 9, 1997, plaintiff reported that, because of his asthma, back problems, and diabetes, he is unable to cook and clean. (A.R. 156-58.) In a September 12, 2003 Reconsideration Disability Report, plaintiff complained that his personal mobility was limited due to his back problems. (A.R. 208.) In a Disability Hearing Officer's Report of Disability Hearing, dated March 11, 2004, the hearing officer reported that plaintiff complained of "freq[uent] severe pain of the spine," which rendered him "unable to persist, lift heavy items, stand or walk too long." (A.R. 220.) In a May 10, 2004 Disability Report Appeal, plaintiff reported that he has "severe headaches every day." (A.R. 227.) At the hearing, plaintiff testified that he goes to the "clinic" for injections in his shoulder and his spine, and he is unable to move his left shoulder "backwards or upwards." (A.R. 718-19.) Plaintiff further testified that he spends his days "sitting at home because nothing makes [him] happy," and he "lay[s] down because there are times that [his] testicles hurt [him] and also [his] stomach [is] swollen." (A.R. 717.) Plaintiff also testified

that he has trouble seeing, because the reflection of light "causes pain [i]n [his] forehead" and his eyes "get blurry." (A.R. 718-19.)

In the written decision in issue, the ALJ found plaintiff to be an "unreliable witness" and, thus, dismissed plaintiff's subjective pain and symptom testimony. However, the ALJ failed to state specifically what testimony of plaintiff was rejected and what facts in the record led to that rejection. The entirety of the ALJ's rejection of plaintiff's credibility is as follows:

> [Plaintiff] was at many points unresponsive or answering questions with the statement that he could not remember; nevertheless, when asked the same question later, he would often give an answer. His testimony that he did not drink was at variance with the records of his own treating physician, stating that he was currently drinking, further rendering his testimony not reliable. . . .[1]

---

[1] Buried in the body of the decision, the ALJ also stated "[r]egarding [plaintiff's] complaints of back, neck and shoulder pain[,] Dr. Siefert wrote at the time of the March 2007 examination: back, no CVA tenderness, no deformities or tenderness, can touch chin to chest, able to forward and laterally without pain; neck, normal motion and flexibility, no nuchal rigidity, thyroid normal size and texture, JVD not raised, trachea midline, no bruits noted; extremities, no edema or deformities, range of motion within normal limits, no tenderness in extremities or spine." (A.R. 629.) The ALJ's single reference to plaintiff's "complaints of back, neck and shoulder pain," in conjunction with the ALJ's brief recitation of the examination findings of one of plaintiff's treating physicians, Walter Siefert, M.D., is insufficient to meet the "clear and convincing" standard required to properly reject plaintiff's subjective pain complaints. The record is replete with evidence of and references to plaintiff's partial rotator cuff tear, which could reasonably cause some degree of pain to his shoulder, neck, and back. (*See, e.g.*, A.R. 63, 114, 122, 131, 480, 483, 629, 694, 700, 703-04, 708.) At the hearing, the medical expert confirmed plaintiff's "partial tear rotator cuff with shoulder pain" and testified that

(A.R. 628.)

While the ALJ may consider relative inconsistencies in plaintiff's testimony in assessing his credibility, or otherwise determine to reject pain testimony, the ALJ must specifically set forth what claimed symptoms and/or limitations are rejected and what specific evidence in the record undermines them.  The failure to do so constitutes error.  Indeed, "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain."  Bunnell, 947 F.2d at 346.

Although the Commissioner now attempts to justify the ALJ's improper rejection of plaintiff's credibility by offering post-hoc reasons to support it (Joint Stip. at 9-12), a reviewing court cannot affirm the denial of benefits based on a reason not stated or a finding not made by the ALJ.  Defendant's after-the-fact attempt to supply an acceptable basis for the ALJ's decision is, thus, unavailing.  *See, e.g.,* Connett at 874 (noting that a reviewing court is "constrained to review the reasons the ALJ asserts," and an ALJ's decision cannot be affirmed on the basis of evidence he did not discuss); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)(an agency decision cannot be affirmed on the basis of a ground that the agency did not invoke in making its decision); *see also* Barbato v. Comm'r of Social Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)(remand is

---

plaintiff also suffered from "lumbar sacral spondilosis" and "cervical spine spondilosis." (A.R. 626, 734, 738-40.)  The ALJ expressly found that plaintiff has "severe" impairments of a "partial tear rotator cuff *with shoulder pain*" and "degenerative joint disease."  (A.R. 629-30; emphasis added.)

appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council")(citation omitted).

Accordingly, the ALJ's rejection of plaintiff's credibility without setting forth the requisite "clear and convincing" reasons, based on "sufficiently specific" substantial evidence in the record for the rejection, constitutes reversible error.

**II. Until The ALJ Has Properly Considered Plaintiff's Subjective Pain Testimony, The Court Cannot Assess The Propriety Of The ALJ's Determination Regarding Whether Plaintiff Can Perform His Past Relevant Work.**

In view of the ALJ's error, discussed in Section I, *supra*, the Court cannot, and does not, address whether the ALJ erred in concluding that plaintiff can perform his past relevant work as a sewing machine operator. The ALJ must first re-evaluate plaintiff's credibility and provide reasons, if they exist, in accordance with the requisite legal standards, for discrediting plaintiff's pain testimony, before a proper determination can be made regarding plaintiff's ability to perform his past relevant work.

///
///
///

**III. <u>Remand Is Required</u>.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

1   IT IS FURTHER ORDERED that the Clerk of the Court shall serve
2 copies of this Memorandum Opinion and Order and the Judgment on counsel
3 for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 13, 2009

                              /s/
                    MARGARET A. NAGLE
              UNITED STATES MAGISTRATE JUDGE